## BROWNING CORPORATION INTERNATIONAL

v.

**Doyce LEE, Commissioner of Insurance for the State of Texas (Successor to Tom Bond and E.J. Voorhis, former Commissioners of Insurance), and James P. Odiorne, Liquidator, (Successor to Anthony G. Harris, former Liquidator.)**

Civ. A. No. 4–85–472–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Jan. 13, 1986.

Sterling W. Steves, Steves, Leonard & Jones, Fort Worth, Tex., for plaintiff.

Allene D. Evans, Asst. Atty. Gen., Ins., Banking & Securities Div., Austin, Tex., Robert R. Bodoin, McLean Sanders Price Head & Ellis, Fort Worth, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

MAHON, District Judge.

Before the Court is Defendants Doyce Lee, Commissioner of Insurance for the State of Texas and James T. Odiorne, Liquidator's motion to dismiss for failure to state a claim and for lack of jurisdiction to which the plaintiff has responded. A hearing was held on the motion on January 2, 1986. After carefully considering the arguments of counsel, the briefs filed, the record and the applicable law, the Court makes the following determination.

The suit was filed on July 26, 1985 and is the third in a series of related suits involving the Ministers' Benefit Trust ("MBT"), an entity established in 1978 pursuant to a trust agreement by employer-churches and church schools to provide certain benefits to its eligible employees. Plaintiff is a third party administrator of the trust. In this suit, plaintiff seeks (1) a declaratory judgment that the MBT is an employee benefit plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"); and (2) an injunction against Defendant Odiorne, enjoining him from administering the affairs of the MBT and from prosecuting the claims now pending before the 200th Judicial District Court, Travis County, Texas.

The first suit was brought in 1980 by the Attorney General of Texas against the MBT, its trustee and the members of its Benefit Committee, alleging that the MBT was engaged in the insurance business in Texas without complying with the rules and regulations of the State Insurance Board. The MBT was duly served but failed to answer and a default judgment was entered against it. The other parties agreed to the rendition of a judgment finding the law and facts to be as alleged by the State. On January 5, 1981, a "Consent Permanent Injunction and Order Appointing Permanent Receiver" was filed declaring that the MBT be permanently enjoined from conducting insurance or any other business; that the MBT was insolvent and unable to remedy its insolvency; and that it was necessary to appoint the liquidator for the State Board of Insurance as receiver of the MBT pursuant to Tex.Ins.Code Ann. art. 21.28 (Vernon's 1981). The MBT has never attempted, either directly or by collateral attack, to set aside this judgment.

The second suit was filed on July 28, 1981 by Anthony G. Harris, after being appointed permanent receiver of the MBT, against Bob Browning, Plaintiff Browning Corporation International, the trustee of the MBT and the members of the Benefit Committee of the MBT. After Anthony Harris resigned as Liquidator, Defendant Odiorne replaced him as plaintiff in this lawsuit. The complaint alleges mismanagement, preferential payment of claims and the charging of grossly excessive fees. This case is presently set for trial in the 200th Judicial District Court for January 27, 1986.

In the present suit, plaintiff seeks a declaration that the MBT is an employee benefit plan governed by ERISA. Because ERISA displaced applicable state law in the regulation of private employee benefit plans, if the MBT is such a plan, then it is governed by ERISA and not by Texas insurance law. As such, plaintiff asserts that the state district court had no jurisdiction to appoint a receiver for the MBT and presently has no jurisdiction to determine the receiver's claims against representatives and third-party administrators of the MBT.

In their motion to dismiss, defendants claim that (1) the complaint fails to state a claim because plaintiff has no standing to assert the rights of the MBT and (2) this Court lacks subject matter jurisdiction because both the U.S. Department of Labor and the state district court have already determined that the MBT is an insurance company and not an employee benefit plan within the meaning of ERISA. In the event this Court does have jurisdiction to hear plaintiff's claims, defendants argue that such claims should be raised as a defense in the state court proceeding and request this Court to decline to exercise its jurisdiction. In response, plaintiff argues that federal courts have exclusive jurisdiction to determine whether an employee benefit plan is subject to ERISA.

■ Not only has plaintiff been unable to cite and the Court unable to find any case authority for plaintiff's proposition that federal courts have exclusive jurisdiction over whether a particular plan is covered by ERISA but in fact this determination has been made in both federal and state fora. *Compare Bell v. Employee Security Benefit Ass'n*, 437 F.Supp. 382 (D.Kan.1977) *with Felts v. Graphic Arts Employee Benefit Trust*, 680 S.W.2d 891 (Tex.Civ.App.—Houston 1984, no writ). Congress has granted state courts concurrent jurisdiction with federal courts in actions brought by a participant or beneficiary of a plan governed by ERISA to recover benefits or enforce his rights under the plan. *See* 29 U.S.C. §§ 1132(a)(1)(B), 1132(e)(1). Although this is not such an action, Congress recognized state courts as competent to resolve certain claims arising under ERISA. Furthermore, in order for state courts to be able to effectively enforce their insurance laws over companies allegedly engaged in the business of insurance, they must be able to determine whether a particular entity claiming to be an employee benefit plan under ERISA is such a plan. Accordingly, the Court holds that state courts as well as federal courts are of competent jurisdiction to determine whether a particular plan is governed by ERISA and therefore not by state law.

■ The Court further finds that it is in the best interests of all concerned that this Court decline jurisdiction over this matter and permit the 200th Judicial District Court in Travis County, Texas to adjudicate plaintiff's claims. First, plaintiff's claim that the MBT is an employee benefit plan within the meaning of ERISA should have been raised as a defense in the pending state court proceeding. That case was filed over six and one-half months after the consent judgment and order appointing permanent receiver was filed in the previous state court proceeding and after the U.S. Department of Labor concluded that the MBT did not constitute an employee benefit plan under ERISA. Second, plaintiff's claims that the appointment of a receiver as well as the actions taken by the receiver are void should likewise have been raised in the pending state court proceeding as a counterclaim. Instead of filing a counterclaim in that suit, plaintiff elected to wait more than four and one-half years after the receiver was appointed to challenge his appointment. The MBT, its trustee and the members of its Benefit Committee all consented to the appointment of a permanent receiver. Third, the pending state court proceeding is set for trial on the merits for January 27, 1986. The present case does not, at this time, have a trial setting and the earliest possible setting it could be given is the early part of January, 1987. To stay the state court proceeding on the eve of trial so that this Court may hopefully in

a year from now, make a determination that the state court is equally as competent to make would not only severely prejudice the other parties to that lawsuit, but also create undue delay for what is already an old case.

Finally, the Court finds that plaintiff will suffer no prejudice by having his claims adjudicated in state court. As stated above, plaintiff's claims in this suit can and should have been asserted as defenses and counterclaims in the state court proceeding. Plaintiff's eleventh hour request to stay the state court proceeding until this Court determines whether the MBT is an ERISA plan can be seen as a last ditch effort on the part of plaintiff to thwart a final trial on the merits in the state court proceeding, sufficient to warrant the imposition of sanctions. The Court, however, will give plaintiff the benefit of the doubt and not impose sanctions for the filing of this suit. Nevertheless, in light of all the surrounding circumstances, the Court finds it to be in the best interests of justice to decline from exercising jurisdiction over plaintiff's claims so that they can be more expeditiously adjudicated in state court.

Accordingly, for the aforementioned reasons, the Court hereby ORDERS that defendants' motion to dismiss be GRANTED and that this case be DISMISSED.