Wilbert E. HOLLINS,
Plaintiff-Appellant,

v.

Honorable John D. WESSEL, Circuit Court Judge, Fifteenth Judicial Circuit, in and for Palm Beach County, Defendant-Appellee.

No. 86–5561
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 23, 1987.

Shirley A. Walker, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendant-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Hollins filed this civil rights suit against a Florida state trial judge who had presided over a mortgage foreclosure action in state court that took place while Hollins was in prison in Florida. Hollins asserts that the trial judge appointed a guardian ad litem for him in the foreclosure action without his knowledge or consent and that the guardian ad litem represented him at the hearing without informing him that he would do so and without consulting him or taking any affidavits or depositions. After the hearing, at which Hollins was not present, he was notified by the guardian ad litem that summary judgment had been granted against him. Hollins asserted that he was deprived of his property without due process, and he sought damages and injunctive relief.

The district court dismissed the complaint for failure to state a claim on the ground that the state trial judge enjoyed judicial immunity. Counsel for the defendant judge concedes that the court erred in dismissing the claim for injunctive relief based upon judicial immunity. *See Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir.1985). However, the dismissal was correct for other reasons. What Hollins seeks is review by the federal court of the final determination made in a state judicial proceeding. Under the circumstances of this case, the federal district court lacked jurisdiction over such an action. The jurisdiction possessed by district courts is strictly original, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), and review of final judgments of a state court in judicial proceedings is reserved to the Supreme Court of the United States pursuant to 28 U.S.C. § 1257. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983). A plaintiff like Hollins must have had an opportunity to raise his federal claim in the state proceeding. *Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir.1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984). Hollins had such an opportunity in an appeal he brought in the Florida District Court of Appeals. The record does not show what grounds he raised in such an appeal, but he asserts that he did appeal to the Fourth District Court of Appeals and that the decision of the trial court was affirmed without opinion.

The judgment of the district court is AFFIRMED.