**BLUE CROSS AND BLUE SHIELD OF MARYLAND, INC., Plaintiff–Appellant,**

**Blue Cross and Blue Shield of Florida, Inc., Plaintiff–Intervenor,**

v.

**Robert WEINER, Sr., Margaret Weiner, Mark Weiner, and Robert Weiner, Sr., as Personal Representatives of the Estate of Steven Weiner, Defendants–Appellees.**

**No. 88–5518.**

United States Court of Appeals, Eleventh Circuit.

April 5, 1989.

---

Leonard E. Cohen, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., Kendall B. Coffey, Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla., for plaintiff-appellant.

Larry S. Stewart, James B. Tilghman, Miami, Fla., for defendants-appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and MARKEY *, Chief Circuit Judge.

HATCHETT, Circuit Judge.

Blue Cross and Blue Shield of Maryland, Inc. (BCBS–Maryland) appeals the district court's denial of its motion for preliminary injunction and the court's abstention from its claims for permanent injunctive and declaratory relief. We affirm the district court's denial of preliminary injunction and its decision on abstention, but remand to the district court with instructions that it dismiss the request for permanent injunction for lack of subject matter jurisdiction.

## FACTS

BCBS–Maryland provides health insurance coverage for Robert Weiner and his dependents, Margaret Weiner, Stephen Weiner, and Mark Weiner. In the summer of 1982, Stephen Weiner became seriously ill and Mark Weiner suffered permanent injuries in an automobile accident. Stephen and Mark Weiner incurred substantial medical expenses. BCBS–Maryland provided coverage for these expenses until August 8, 1983, when it concluded that the insurance plan no longer covered their expenses.

In September, 1983, the Weiners filed suit against BCBS–Maryland and Blue Cross and Blue Shield of Florida (BCBS–Florida) in a Florida state court, alleging a breach of the duties of good faith and fair dealing, a breach of fiduciary duties, fraud, and a statutory violation. Responding to

* Honorable Howard T. Markey, Chief U.S. Circuit Judge for the Federal Circuit, sitting by designation.

this action, BCBS–Maryland reinstated coverage in March, 1984, and paid all back claims to the Weiners. BCBS–Maryland has continued to pay all claims under the insurance policy since March, 1984.

In December, 1984, the Weiners amended the complaint to seek a declaration of their past, present, and future rights under the insurance contract. In addition, the amended complaint sought compensatory and punitive damages for breach of contract, breach of the duty of good faith, statutory violations, wrongful death, intentional infliction of emotional distress, and fraud. In December, 1985, the Weiners filed a second amended complaint alleging three tort claims: fraud, intentional infliction of mental distress, and negligence.

The case proceeded to trial on the tort claims. After finding BCBS–Maryland liable for fraud, intentional infliction of mental distress, and negligence, the jury awarded the Weiners $500,000 in compensatory damages and $5,000,000 in punitive damages. The jury additionally found BCBS–Florida liable for fraud and intentional infliction of emotional distress. On these claims, the jury awarded the Weiners $200,000 in compensatory damages and $1.5 million in punitive damages. Based on the jury's liability determinations, the Florida court awarded the Weiners $1,411,600 in attorney's fees.

After the Florida court entered its judgment for the Weiners, the United States Supreme Court decided two cases which hold that the Employee Retirement Income Security Act (ERISA) preempts state common law claims alleging an improper processing of employee benefit plan claims. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Arguing primarily that ERISA preempted the Florida causes of action, BCBS–Maryland and BCBS–Florida appealed the judgment and attorney's fees award in a Florida appellate court. The Florida appellate court heard oral argument on May 3, 1988, but has not rendered a decision.

## PROCEDURAL HISTORY

On April 14, 1988, relying on *Pilot Life* and *Metropolitan Life*, BCBS–Maryland filed suit in the Southern District of Florida to enjoin the Weiners from further appealing or enforcing the Florida court's judgment and attorney's fees award. In addition, BCBS–Maryland requested that the district court declare the judgment void and unenforceable. BCBS–Florida intervened seeking the same relief. The Weiners moved the district court to dismiss BCBS–Maryland's and BCBS–Florida's complaint, or alternatively, to abstain from interfering with the state court proceedings.

The district court denied the preliminary injunction. The court concluded that BCBS–Maryland and BCBS–Florida did not demonstrate any irreparable harm because the Florida appellate court could decide the preemption issue. Furthermore, the district court found that a preliminary injunction would not serve the public interest, but rather would harm the public interest because interfering with the state court proceedings would disregard the principles of federalism and comity.

The district court deferred decision on the declaratory relief claims, staying all federal proceedings pending the Florida courts' resolution of the preemption issue. The district court abstained after concluding as follows: BCBS–Maryland's injunctive relief would enjoin ongoing state proceedings, BCBS–Maryland could present its federal claims in the Florida appellate court, and the Florida court's proceedings involved important state interests. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (federal courts should generally refrain from enjoining pending state proceedings); *Browning Corp. Int'l. v. Lee*, 624 F.Supp. 555, 557 (N.D.Tex.1986) (state courts must have ability to determine if ERISA governs particular employee benefit plan to effectively enforce state insurance laws).

## CONTENTIONS

BCBS–Maryland contends that the district court abused its discretion in denying

the preliminary injunction because it satisfied the four elements for obtaining a preliminary injunction: (1) BCBS–Maryland demonstrated a substantial probability of prevailing because ERISA preempts the Weiners' common law tort claims, and the Florida trial court lacked jurisdiction over the ERISA claims; (2) the denial will cause BCBS–Maryland irreparable harm because it will lose its right to have a federal court decide the preemption issue; (3) BCBS–Maryland's threatened harm outweighs the Weiners' harm because the Weiners will not incur any injury; and (4) the preliminary injunction would serve the public interest by promoting a national uniform interpretation of ERISA.

Turning to the permanent injunction and declaratory relief, BCBS–Maryland contends that the district court improperly abstained because this case does not involve a sufficiently vital state interest to warrant abstention. Furthermore, BCBS–Maryland contends that it properly collaterally attacked the Florida court's decision.

The Weiners contend that the district court must dismiss the action because BCBS–Maryland cannot collaterally attack the Florida court's judgment for two reasons: (1) the district court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine, and (2) *res judicata* precludes the district court from deciding the preemption issue. Alternatively, the Weiners contend that the district court properly denied the preliminary injunction because BCBS–Maryland failed to establish any of the four requirements for a preliminary injunction.

The Weiners further contend that the district court properly abstained from granting the requested permanent injunctive and declaratory relief. According to the Weiners, BCBS–Maryland's attempt to enjoin the enforcement of the Florida court's judgment and attorney's fees award implicates vital state interests.

## ISSUES

The parties raise the following issues on appeal: (1) whether the district court

lacked subject matter jurisdiction because BCBS–Maryland's claims require the district court to exercise appellate jurisdiction over the state court proceedings; (2) whether *res judicata* precludes BCBS–Maryland from collaterally attacking the state court judgment; (3) whether the district court improperly abstained from granting declaratory relief; and (4) whether the district court abused its discretion in denying the preliminary injunction.

## DISCUSSION

The Weiners challenge the district court's subject matter jurisdiction over BCBS–Maryland's federal claims. The Weiners contend that the district court's decision necessarily entails reviewing the Florida trial court's judgment in violation of Supreme Court authority expressly prohibiting district courts from exercising such appellate review. We agree.**

### I. The Rooker–Feldman Doctrine

■ The Supreme Court first prohibited a district court from reviewing a state court decision for alleged federal law errors in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). In *Rooker*, after the action proceeded through the Indiana courts, the unsuccessful party filed suit in federal district court arguing that the state courts relied on an unconstitutional statute. The Supreme Court held that the district court did not have jurisdiction to correct the alleged constitutional error in the Indiana Supreme Court's decision. *Rooker*, 263 U.S. at 415, 44 S.Ct. at 150. The Court found such review improper for two reasons: (1) district courts can only exercise original jurisdiction, and (2) the Supreme Court has the exclusive authority to review state supreme court decisions for alleged federal law errors. *Rooker*, 263 U.S. at 416, 44 S.Ct. at 150; *see* 28 U.S.C.A. §§ 1257, 1331 (West 1966 & Supp.1988).

Sixty years later, the Supreme Court reaffirmed the *Rooker* holding in *District of*

** Because this issue disposes of this action, we do not address the other issues.

*Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The District of Columbia Court of Appeals denied Feldman's petition for admission to the District of Columbia Bar, refusing to waive the District of Columbia rule that required individuals to graduate from an American Bar Association accredited law school. Feldman filed suit in district court, seeking a declaration that the District of Columbia Court of Appeals's refusal to admit him to the bar violated the fifth amendment and the Sherman Act. In addition, Feldman sought injunctive relief either requiring immediate admission to the District of Columbia Bar or allowing him to sit for the bar examination. The Supreme Court concluded that the district court lacked jurisdiction to hear Feldman's fifth amendment and federal antitrust challenges to the District of Columbia Court of Appeals's denial of his petition. *Feldman,* 460 U.S. at 486, 103 S.Ct. at 1316, 75 L.Ed. 2d at 225. Citing *Rooker,* the Court held that the district court could not decide these federal issues because they were "inextricably intertwined" with the District of Columbia Court of Appeals's decision. *Feldman,* 460 U.S. at 486–87, 103 S.Ct. at 1316–17, 75 L.Ed.2d at 225.

In contrast, the Supreme Court held that the district court properly exercised jurisdiction over Feldman's general constitutional challenge to the accreditation rule because reviewing such an attack would not amount to reviewing the District of Columbia Court of Appeals's decision. 460 U.S. at 487, 103 S.Ct. at 1316–17, 75 L.Ed. 2d at 225–26. Thus, although federal district courts have jurisdiction over general constitutional challenges, *Rooker* and *Feldman* prohibit such courts from exercising jurisdiction to decide federal issues that are inextricably intertwined with a state court's judgment.

## II. Application of the Rooker–Feldman Doctrine

BCBS–Maryland contends that the *Rooker–Feldman* doctrine does not apply to this action because it has merely asserted a non-constitutional challenge, the Florida trial court did not address the preemption issue, and the preemption issue is not inextricably intertwined with the Florida court's judgment. Contrary to BCBS–Maryland's arguments, we find that the *Rooker–Feldman* doctrine compels the district court to dismiss this action for lack of jurisdiction.

### A. *Non–Constitutional Challenges*

■ BCBS–Maryland argues that the *Rooker–Feldman* doctrine does not apply because it has asserted a non-constitutional challenge to the Florida trial court's judgment. We disagree. Neither the Supreme Court nor this court has limited the *Rooker–Feldman* bar to constitutional claims. In *Feldman,* the Court held that the district court lacked subject matter jurisdiction over Feldman's fifth amendment and Sherman Act challenges. The *Feldman* Court never distinguished between the constitutional and non-constitutional federal claims. *Feldman,* 460 U.S. at 464, 103 S.Ct. at 1305, 75 L.Ed.2d at 225 ("[district courts] do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

This court has similarly applied the *Rooker–Feldman* bar to non-constitutional federal claims. *See, e.g., Staley v. Ledbetter,* 837 F.2d 1016 (11th Cir.1988). Staley sought to regain custody of her adopted child in the Georgia court system. The Georgia juvenile court and the Georgia Court of Appeals affirmed the termination. After the Georgia Supreme Court denied Staley's writ of certiorari, Staley brought a section 1983 action claiming violations of her equal protection and due process rights, and her statutory rights under the Child Welfare Act of 1980. We affirmed the district court's dismissal for lack of jurisdiction of all of Staley's claims, including the non-constitutional federal claim. In reaching this conclusion, the court stated, "[a federal district court] may not decide *federal issues* that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Staley,* 837

F.2d at 1018 (emphasis added) (quoting *Wood v. Orange County,* 715 F.2d 1543, 1546 (11th Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984)); *see also Berman v. Florida Board of Bar Examiners,* 794 F.2d 1529, 1530 (11th Cir. 1986) (affirming district court's dismissal of federal plaintiff's claims and stating that district courts lacked jurisdiction over challenges "based on *constitutional or other grounds* [to] a state court's judicial decision in a particular case ... den[ying] ... admission to a particular bar applicant." (Emphasis added)). Therefore, the *Rooker–Feldman* bar applies even though BCBS–Maryland only raises non-constitutional federal claims to attack the Florida proceedings.

**B. *Issue Not Raised in Trial Court***

■ BCBS–Maryland also contends that the *Rooker–Feldman* doctrine does not apply because the federal court will only address the preemption question, an issue which the Florida trial court did not decide. The Weiners concede that the Florida trial court did not decide the preemption issue. The Weiners argue, however, that the *Rooker–Feldman* bar applies because BCBS–Maryland had a reasonable opportunity to raise, and did raise, the preemption issue in the Florida appellate court.

Supreme Court and Eleventh Circuit authority refutes BCBS–Maryland's asserted limitation. In *Feldman,* the Supreme Court noted that a district court could not exercise jurisdiction over constitutional claims inextricably intertwined with a state court's judgment simply because the federal plaintiff failed to raise such claim in the state court. *Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16, 75 L.Ed.2d at 223, n. 16. Interpreting this broad proposition, this court concluded that the *Rooker–Feldman* doctrine applies when the federal plaintiff had a reasonable opportunity to raise the federal claim in the state court proceedings. *Wood,* 715 F.2d at 1546–47.

The problem then becomes determining the scope of the term "reasonable opportunity." This court has rendered several relevant decisions. In *Wood,* the court indi-

cated that a party's ability to raise a claim on appeal constituted a reasonable opportunity to raise the claim. *Wood,* 715 F.2d at 1548 (district court had jurisdiction only because the federal plaintiff did not have a reasonable opportunity to raise his claim; he lacked a reasonable opportunity to appeal the judgment, and the opportunity for a post-judgment attack did not substitute for an appeal). More importantly, in a nearly identical case to the present action, this court affirmed the district court's dismissal for lack of jurisdiction because the party had the opportunity, and in fact availed himself of such opportunity, to raise his federal claims in his state court appeal of a state trial court's decision. *Rolleston v. Eldridge,* 848 F.2d 163, 165 (11th Cir.1988); *see also Hollins v. Wessel,* 819 F.2d 1073, 1074 (11th Cir.1987) (district court lacked jurisdiction where federal plaintiff appealed state trial court's decision because such plaintiff had the opportunity to raise his federal claims).

As in *Rolleston* and *Hollins,* BCBS–Maryland had the opportunity to assert, and did assert, the preemption issue in its state court appeal. Because the Florida appellate court is an appropriate forum for determining whether the state trial court had jurisdiction, the *Rooker–Feldman* bar applies to BCBS–Maryland's preemption claim. *See Key v. Wise,* 629 F.2d 1049, 1055 (5th Cir.1980), *cert. denied,* 454 U.S. 1103, 102 S.Ct. 682, 70 L.Ed.2d 647 (1981) (lower federal court lacks power to vacate Mississippi Supreme Court decision approving jurisdiction of Mississippi trial court).

**C. *Inextricably Intertwined***

■ BCBS–Maryland finally contends that the district court had jurisdiction because the preemption issue is not "inextricably intertwined" with the Florida trail court's judgment.

BCBS–Maryland's preemption claim would require the district court to decide whether ERISA preempted the Weiners' tort claims. The district court would not merely decide the general issue of whether ERISA preempts all state tort claims. Rather, the district court would have to

**1556**

determine whether ERISA preempts the tort claims *in this case* by determining whether ERISA governs the Weiners' insurance plans. As the Weiners note, the Florida trial court litigated the factual issues upon which BCBS–Maryland's claim of ERISA preemption depends, including the nature of the Weiners' insurance policy, the circumstances under which the Weiners purchased it, and the relationship between their tort claims and the administration of benefits under the policy. Thus, the district court would necessarily review these essential components of the Florida trial court's judgment. Such review exemplifies the zone of appellate review from which federal district courts are forbidden.

### D. *Applicable to Injunctive and Declaratory Relief*

■ Finally, we note that the *Rooker–Feldman* bar applies to BCBS–Maryland's request for injunctive relief in addition to its request for declaratory relief. Both the Supreme Court and this court have dismissed injunctive relief claims under the *Rooker–Feldman* doctrine. *See Feldman*, 460 U.S. at 468, 103 S.Ct. at 1307, 75 L.Ed. 2d at 214; *Hollins*, 819 F.2d at 1074; *Wood*, 715 F.2d at 1545. We emphasize this point because a prior binding decision held that *Rooker* did not apply to requests to enjoin state court proceedings. *Gresham Park Comm. Organ. v. Howell*, 652 F.2d 1227, 1236 (5th Cir. Unit B 1981). Relying on *Feldman*, however, this court expressly abandoned *Gresham*'s restrictive interpretation of *Rooker*. *Wood*, 715 F.2d at 1546.

### CONCLUSION

Because BCBS–Maryland's requested relief would require the district court to decide a federal issue inextricably intertwined with the Florida trial court's judgment, the district court lacked subject matter jurisdiction. Consequently, we affirm the district court's denial of the preliminary injunction and its order of abstention, but remand this case to the district court with instructions to dismiss the action as it relates to the request for permanent injunction for lack of subject matter jurisdiction.

AFFIRMED AND REMANDED WITH DIRECTIONS