1378

Ronald L. COUCH, Plaintiff,

v.

COBB COUNTY SUPERIOR COURT;
Dorothy A. Robinson, Judge; Jay C. Ste-
phenson, Clerk of the Cobb County Su-
perior Court, Defendants.

Civ. A. No. 1:93–cv–249–FMH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 9, 1995.

Ronald Couch, pro se.

Jerry Gentry, Cobb County Atty., Mariet-
ta, GA, for Cobb County Superior Ct., Jay
Stephenson.

John Jones, Ga. Atty. Gen. Office, Atlanta,
GA, for Dorothy Robinson.

### *ORDER*

HULL, District Judge.

This action is before the Court on (1)
Plaintiff's Motion for Appointment of Coun-
sel [31–1], (2) Defendant Judge Dorothy A.
Robinson's Motion for Summary Judgment
[34–1], (3) Plaintiff's Motion to Extend Time
to Respond to Motion for Summary Judg-
ment [37–1], (4) Plaintiff's Motion for Sum-
mary Judgment [38–1], (5) Plaintiff's Motion
for Oral Argument on All the Motions for
Summary Judgment [38–1], and (6) Plaintiff's
Motion to Extend the Time for Discovery
[40–1].

### I. *PRELIMINARY MOTIONS*

As a preliminary matter the Court
**GRANTS** Plaintiff's Motion to Extend Time
to Respond to Motion for Summary Judg-

ment [37–1]. Plaintiff filed his response to Defendant's Motion for Summary Judgment on May 20, 1994, and the Court will consider Plaintiff's timely response. After review of the record, the Court finds that oral argument it not necessary for the disposition of the pending motions. Therefore, Plaintiff's Motion for Oral Argument on All the Motions for Summary Judgment [38–1] is **DENIED.**

■ Plaintiff has also filed a Motion to Extend the Time for Discovery [40–1]. Plaintiff is a prisoner bringing a civil rights action, and thus, is allotted four months for discovery. *See* Appendix F, Local Rules N.D.Ga. Discovery begins thirty (30) days after the appearance of the first defendant by answer to the complaint. LR 225–1(a). A defendant's answer is due "within 20 days after being served with the summons and complaint." Fed.R.Civ.P. 12(a)(1)(A). However, a motion made pursuant to Federal Rule of Civil Procedure 12 suspends the time the defendant has to answer, and if the Court denies the motion, then the "responsive pleading shall be served within 10 days after notice of the court's action." Fed.R.Civ.P. 12(a)(4)(A).

■ In this case, Defendants filed Motions to Dismiss that were subsequently treated as Motions for Summary Judgment. *See* August 30, 1993 Court Order [22–1]. On April 5, 1994, the Honorable Orinda D. Evans, United States District Judge for the Northern District of Georgia ruled on the Motions for Summary Judgment.[1] On April 27, 1994 Defendant Judge Robinson served her answer to Plaintiff's complaint. As the first defendant to serve an answer, Judge Robinson's service of her answer started the clock for discovery. *See* LR 225–1 N.D.Ga. Thirty days after Judge Robinson served her answer was Friday, May 27, 1994. In this case, discovery commenced on May 27, 1994. Plaintiff filed for an extension of discovery on July 22, 1994, two months into the four month discovery period. *See* LR 225–1(b).

Plaintiff states that he needed more time for discovery because he did not want to file discovery until he received a ruling on Defendants' Motions to Dismiss. However, Judge Evans ruled on Defendants' Motions on April 5, 1994, and Plaintiff failed to pursue discovery. The Court finds that Plaintiff has not shown diligence in pursuing discovery or grounds for an extension. Therefore Plaintiff's Motion to Extend Discovery [40–1] is **DENIED.**

## II. *FACTS*

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants have unlawfully deprived Plaintiff of certain items of jewelry in violation of his right to due process of law under the Fourteenth Amendment. Defendants are Cobb County Superior Court, Judge Dorothy Robinson, a judge on the Superior Court for Cobb County, and Jay Stephenson, the Clerk of the Superior Court for Cobb County. Plaintiff alleges that seven items of jewelry: one necklace, two bracelets, and four rings (the "jewelry"), were seized by law enforcement officials of Cobb County, Georgia and are being unlawfully held by Defendants to this action.

Plaintiff and Eric Eugene Austin were indicted on charges of malice murder, felony murder, and armed robbery, stemming from the robbery and murder of a pawn-broker. Two trials ensued.[2] Plaintiff's co-defendant, Austin, was convicted during the first trial. The parties appear to dispute whether the jewelry was admitted into evidence during the first trial. Plaintiff alleges that the jewelry was tendered, but not admitted during the first trial. Defendants contend that the jewelry was tendered and admitted during the first trial. In any event, both parties agree that the jewelry was not tendered nor admitted during the second trial.

The Superior Court for Cobb County, Georgia has a standing order providing that

---

**1.** The action was originally before Judge Evans, but was transferred to this judge on May 27, 1994.

**2.** Plaintiff contends that he was a defendant in the first trial, but that his portion of the trial

ended in a mistrial. The second trial commenced on October 7, 1991, and Plaintiff was convicted of armed robbery and murder, and was sentenced to two consecutive life sentences.

evidence either tendered or admitted in a civil or criminal case is to be retained by the Clerk of the Court for Cobb County. Further exhibits in a criminal case are only to be released upon the termination of the case by either the criminal defendant's dismissal, acquittal or release from confinement.[3] After the first trial, the Clerk of the Court retained the exhibits tendered into evidence. The Clerk of the Superior Court for Cobb County had custody of the jewelry from December 5, 1990 until October 7, 1991, when the jewelry was released to Bill Clark, an assistant district attorney for Cobb County. On October 7, 1991, Clark apparently presented an order signed by Defendant Judge Robinson releasing the evidence from the first trial into the custody of the Cobb County District Attorney's Office for purposes of the second trial against Plaintiff.[4]

At the end of Plaintiff's second trial, Clark apparently sought Judge Robinson's permission to return the jewelry to the Clerk of the Court. After the jury retired to deliberate, Clark approached Judge Robinson and asked her permission to return the jewelry to the Clerk of the Court, as follows:

> Mr. Clark: Judge, as you are aware, I did receive an order from the Court returning the evidence that had been used in the Austin case to me. There were certain

exhibits that were introduced in this trial, and for purposes of making sure that they remain in the breast of the court, I would like to submit those to the clerk at this time.

> The Court: All right. You may want to just read the numbers into the record so that it is clear which ones are being given back to the clerk.

> Mr. Clark: These exhibit numbers would relate to the Austin trial back in December of 1990.

> . . . .

> ... State's exhibit 49, which was jewelry. I'm not sure what connection that jewelry had. State's exhibit 74, which again was different jewelry. I believe that was what was received from Mr. Couch's mother.

> . . . .

> The Court: The Clerk is authorized to take those back into custody at this time.

> Mr. Clark: Thank you.

> The Court: We will be in recess again until we hear from the jury.

> Mr. Clark: Your honor, if I may, I would like to give the Clerk by pager number so that there would be no problem at all?

> (Whereupon, Court was again in recess while the jury continued their deliberations.)

---

**3.** The actual standing order, at issue here, was entered August 15, 1989, and signed by the judges of the Superior Court for Cobb County. The pertinent provisions on the retention of evidence read as follows:

> All exhibits in civil and criminal cases that have been admitted into evidence by the court or that have been made part of the record by the court when tendered though not actually admitted into evidenced are to be kept in the case, custody and control of the clerk of this court and his duly authorized agents subject to the authority of the assigned judge to enter an order in any individual case providing otherwise.
> The clerk is to keep safely all such exhibits in each criminal case until the case is terminated by nolle prosequi plus the expiration of six (6) months, or by dismissal, or by the defendant's discharge by a verdict of not guilty, or upon a finding of guilty and entry of proper sentence and the expiration of the term of months and/or years whether by confinement and/or probation and/or years whether by confinement and/or probation and/or suspension as provided in said sentence, or upon the defen-

dant's release from commitment where the verdict was not guilty by reason of insanity.

**4.** Judge Robinson's September 30, 1991, order states:

> It appearing to the Court that the documentary and the physical evidence in the above-styled case was tendered by the State during the previous trial of this case, and it further appearing that such evidence is needed for trial on October 7, 1991;
> The Clerk is ordered to release said evidence to the State, and the State is ordered to preserve such evidence until final disposition of this case.

*See* Judge Robinson's September 30, 1991 Order, Exhibit C, Defendants' Motion to Dismiss for Failure to State a Claim and Failure to Name a Proper Party Defendant [8–1].

Judge Robinson's order is stamped "filed in office," on October 7, 1991 by the Clerk of the Court. Additionally, there is a handwritten notation at the bottom of the order reading "received 10–7–91," followed by a signature reading "William M. Clark."

Plaintiff contends that as of this date, Plaintiff's property has not been returned to him. On September 8, 1992, Plaintiff filed an action in the Superior Court of Cobb County seeking the return of his property. Plaintiff alleges that his state law claim has rested dormant ever since he filed it, and the only activity on Plaintiff's state lawsuit has been the dismissal of Judge Robinson. Judge Robinson files this Motion for Summary Judgment on Plaintiff's claims.

### III. *LEGAL ANALYSIS*

#### A. *Judicial Immunity*

■ Judge Robinson contends that Plaintiff's suit against her is barred by the doctrine of judicial immunity. "Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction." *Roland v. Phillips,* 19 F.3d 552, 555 (11th Cir. 1994) (citations omitted). Simply put, Judge Robinson is absolutely immune from damage claims if Judge Robinson (1) acted in her judicial capacity, and (2) did not act in the clear absence of all jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

To evaluate whether a judge's conduct constituted a judicial act, the Court must look to the following four factors:

(1) whether the precise act complained of ... is a normal judicial function; (2) whether the events involved occurred in the judge's chambers; (3) whether the controversy centered around a case then pending before the judge; and (4) whether the confrontation arose directly and immediately out of a visit to the judge in [her] official capacity.

*Harris v. Deveaux,* 780 F.2d 911, 914 (11th Cir.1986); *see also King v. Thornburg,* 762 F.Supp. 336, 341 (S.D.Ga.1991). In this case, all of Plaintiff's complaints towards Judge Robinson occurred while Judge Robinson was acting in her official capacity as a judge.

First, Judge Robinson ordered the release of the exhibits from the Austin trial for the Plaintiff's criminal trial, and subsequently authorized the return of the exhibits to the custody of the Clerk. Judge Robinson's conduct amounted to two orders; a written order that authorized the release from the Clerk to the Cobb County District Attorney, and an oral order that authorized the return of the property from the Cobb County District Attorney to the Clerk. Such orders are within Judge Robinson's judicial functions.

Second, Judge Robinson's first order appears to have been issued from her chambers, and Judge Robinson's second order was issued from the bench. The Court finds that for the purposes of this analysis of judicial immunity there is no practical difference between actions taken in chambers and actions taken in the courtroom. If a conduct in chambers is a factor weighing in favor of finding that the judge acted in a judicial capacity, then conduct occurring in the judge's courtroom, during a trial, also favors a finding that the judge acted in a judicial capacity.

Third, the release of the jewelry was in connection with Plaintiff's criminal case then pending before Judge Robinson. Fourth, Plaintiff's allegations against Judge Robinson arise directly from her orders involving the release of the property. The Court finds that Judge Robinson was acting in her judicial capacity when Judge Robinson ordered the Clerk to release to the assistant district attorney. The Court also finds that Judge Robinson was acting in her judicial capacity when she authorized the assistant district attorney to return the jewelry to the clerk of the court.

Having found that Judge Robinson acted in her judicial capacity, the Court now inquires whether Judge Robinson acted in "clear absence of all jurisdiction." *See Stump,* 435 U.S. at 357, 98 S.Ct. at 1104; *Roland,* 19 F.3d at 555. Judge Robinson's orders regarding the release of the jewelry were signed in connection with and while Judge Robinson presided over Plaintiff's state criminal trial. Judge Robinson was within her jurisdiction in ordering the release of exhibits from Plaintiff's co-defendant's trial for use at Plaintiff's state criminal trial. After consideration of the record, the Court finds that Judge Robinson acted in her judicial capacity and acted within her jurisdic-

tion, and is therefore is entitled to judicial immunity on Plaintiff's claims seeking an award of damages. The Court now must examine whether Judge Robinson is entitled to summary judgment on Plaintiff's claims against Judge Robinson for injunctive relief.

"[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541, 104 S.Ct. 1970, 1980, 80 L.Ed.2d 565 (1984); *see also, Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir.1987) (judicial immunity does not apply to injunctive relief against state court judge); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889, 892 (11th Cir.1986) ("[w]hile damages actions are not permitted against state judicial officers acting in their official capacities, injunctive relief is allowed"); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir.1985) (judicial immunity "concerns only monetary liability and does not bar injunctive relief against judicial officers acting in their judicial capacity"); *Cohran v. State Bar of Georgia*, 790 F.Supp. 1568, 1574 n. 6 (N.D.Ga.1992) ("[j]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his judicial capacity").

■ In this case Plaintiff has not alleged that Judge Robinson ever had possession of the jewelry. *See* Complaint [1–1]. Rather, the Complaint alleges and the record reflects, when taken in the light most favorable to Plaintiff, that the jewelry was seized by Cobb County police. The jewelry was then tendered into evidence at the first criminal trial of Plaintiff and Austin. The Clerk of the Court for Cobb County had custody of the jewelry from December 5, 1990, until October 7, 1991. On October 7, 1991, the jewelry was released into the custody of the State for purposes of Plaintiff's criminal trial. The last mention of the jewelry is towards the end of the second trial when Clark, the assistant district attorney for Cobb County, requested that Judge Robinson permit Clark to return the jewelry to the Clerk of the Court.

The record shows that Judge Robinson never had possession of the jewelry. Indeed, Plaintiff does not allege that Judge Robinson is in possession of the jewelry. Plaintiff cannot obtain prospective injunctive relief against Judge Robinson as Plaintiff has not alleged that Judge Robinson ever possessed the jewelry.[5] Based upon the above analysis on judicial immunity and consideration of the record for prospective injunctive relief, Defendant Judge Robinson's Motion for Summary Judgment [34–1] is **GRANTED.** The Court **DISMISSES** all of Plaintiff's claims against Defendant Judge Robinson.

### B. *Plaintiff's Cross–Motion for Summary Judgment*

In response to Defendant Judge Robinson's Motion for Summary Judgment, Plaintiff filed a document entitled "Plaintiff's Opposition to Defendant' [sic] Dorothy Robinson's Motion for Summary Judgment and Cross Motion for Summary Judgment." *See* docket entry [38–1]. Plaintiff's "Cross–Mo-

---

5. The Court does recognize that Plaintiff's Complaint might be read as asking for injunctive relief against Judge Robinson for her alleged failure to modify the August 15, 1989 Cobb County Superior Court standing order. Such a reading would be in the same vein as the "as applied" theory mentioned in the April 5, 1994 Order of Judge Evans. *See* April 5, 1994 Order [30–1], at 10. Directly put, Plaintiff's claim would be that injunctive relief is available against Judge Robinson for her alleged failure to respond to Plaintiff's request to modify the property retention order. However, Plaintiff, in effect, seeks to have this Court review a state court decision (i.e. Judge Robinson's decision not to modify the property retention order). This Court is without subject matter jurisdiction to review the state court decisions. *See, e.g., Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Plaintiff's remedy lies with the Georgia appellate courts. If Plaintiff believes that Judge Robinson has not been clear in her decision not to modify the property retention order, then again, Plaintiff's remedy lies with the Georgia appellate courts.

Plaintiff also alleges a delay in his September 8, 1992 lawsuit filed in the Cobb County Superior Court that seeks the recovery of his jewelry. Judge Robinson is not presiding over that action. Therefore, there is not any injunctive relief available against Judge Robinson for any delay in Plaintiff's state court action. If Plaintiff believes that his Cobb County lawsuit is being unduly delayed, then Plaintiff's remedy lies not in federal court, but rather with the Georgia appellate courts.

tion for Summary Judgment" is composed of a few paragraphs covering one and a half pages. Plaintiff's "Cross–Motion for Summary Judgment" does not comport with the standards for motions for summary judgment set forth in the Federal Rules of Civil Procedure or this Court's Local Rules. *See* Fed. R.Civ.P. 56; LR 220–5 N.D.Ga. In short, Plaintiff's "Cross–Motion for Summary Judgment" is not a proper motion, summary or otherwise. Therefore, the Court **DENIES** Plaintiff's Cross–Motion for Summary Judgment [38–1].

### C. *Plaintiff's Motion for Appointment of Counsel*

 After a review of the record, the Court finds that the issues as currently presented are not so novel or complex as to require the appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193–94 (11th Cir. 1993). Nor are there other exceptional circumstances in the record which mandate that Plaintiff have counsel appointed. *Id.* Therefore, the Court **DENIES without prejudice,** Plaintiff's Motion for Appointment of Counsel [31–1].

### IV. *CONCLUSION*

Plaintiff's Motion for Appointment of Counsel [31–1] is **DENIED.** Defendant Dorothy Robinson's Motion for Summary Judgment [34–1] is **GRANTED.** Plaintiff's Motion to Extend Time to Respond to Motion for Summary Judgment [37–1] is **GRANTED.** Plaintiff's Cross–Motion for Summary Judgment [38–1] is **DENIED.** Plaintiff's Motion for Oral Argument on All the Motions for Summary Judgment [38–1] is **DENIED.** Plaintiff's Motion to Extend the Time for Discovery [40–1] is **DENIED.** After review of the record, it appears to the Court that Defendants Cobb County Superior Court and Jay C. Stephenson, Clerk of the Superior Court for Cobb County, have not filed an answer. Defendants are directed to file an answer no later than Friday, January 20, 1995. The parties' Consolidated Pre–Trial Order is due no later than Thursday, February 23, 1995. Plaintiff shall send his portion to Defendants' counsel no later than Friday, February 10, 1995. Defendants' counsel shall assemble the complete Consolidated

Pre–Trial Order and submit it, signed by Plaintiff and Defendants' counsel, to the Court no later than Thursday, February 23, 1995.

**SO ORDERED.**