[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10273
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 9, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-03214-CV-BBM-1

J. ANDREW RICE,
KATHRYN W. RICE,

Plaintiffs-Appellants,

versus

ADELE L. GRUBBS,
Superior Court of Cobb County, Georgia,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 9, 2005)

Before BIRCH,  BLACK and BARKETT, Circuit Judges.

PER CURIAM:

J. Andrew Rice and Kathryn W. Rice appeal the district court's dismissal of their complaint for lack of subject-matter jurisdiction. The Rices' complaint alleged, among other things, that state court Judge Adele L. Grubbs violated their constitutional rights under 42 U.S.C. § 1983.[1] The district court did not err, and we affirm.

The Rices assert the district court incorrectly applied the *Rooker-Feldman* doctrine to their case. "We review subject matter jurisdiction *de novo*." *Ortega v. U.S. Atty. Gen.*, 416 F.3d 1348, 1349 (11th Cir. 2005). The *Rooker-Feldman* doctrine places limits on the subject-matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *See D.C. Ct. App. v. Feldman*, 103 S. Ct. 1303, 1311–14 (1983); *Rooker v. Fid. Trust Co.*, 44 S. Ct. 149, 150 (1923). We have held this doctrine:

---

[1] The Rices filed a motion to strike and for sanctions on December 15, 2004, two days after the district court entered its December 13, 2004 judgment dismissing the case for lack of subject-matter jurisdiction. The December 15 motion tolled the time to file an appeal of the December 13 judgment until that motion was resolved. *See* Fed. R. App. P. 4(a)(4)(A). This occurred on January 28, 2005, when the district court denied the motion to strike and for sanctions. However, the Rices filed their only notice of appeal on January 12, 2005. Because they filed their notice of appeal prior to the resolution of the tolling motion, the notice did not actually become effective to appeal any part of the December 13 judgment dismissing the case until the court entered its order denying the tolling motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). Because the Rices filed their notice of appeal before the court entered its order denying their motion to strike and for sanctions, and also before the court entered its orders denying the Rices' subsequent motions for reconsideration and a hearing and refusing to change its judgment, those orders are not before us for review under that notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

2

provides that federal courts, other than the Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Nevertheless, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "'reasonable opportunity to raise his federal claim in state proceedings.'" *Id.* (citation omitted). "[A] party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim." *Blue Cross and Blue Shield of Md., Inc. v. Weiner*, 868 F.2d 1550, 1555 (11th Cir. 1989); *see also Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir. 1987) (applying the doctrine where appellant had the opportunity to appeal, and actually did appeal, the state court decision to a state appeals court).

The Rices attack the district court's decision regarding *Rooker-Feldman* in six different ways. First, the Rices argue the doctrine does not apply to their case because Judge Grubbs lacked jurisdiction for her actions. Even if the Rices' reading of Georgia law is correct, it was for the Georgia courts to decide, followed by an appeal to the U.S. Supreme Court. Second, the Rices argue Judge Grubbs' wilful fraud negated the doctrine. We have not recognized a fraud exception to the

3

*Rooker-Feldman* doctrine. Third, the Rices argue the doctrine does not apply because they did not have a reasonable opportunity to raise their federal claim in state court. However, before they commenced this action they appealed their case to the state appeals court. That court, in a lengthy opinion, affirmed Judge Grubbs. Because the Rices had an opportunity to raise their federal claim in the state appeals court, the *Rooker-Feldman* doctrine applies. Fourth, the Rices argue the doctrine does not apply to the trademark infringement allegations contained in the third count of their complaint, and the district court did not adequately address that count in the judgment. In its judgment dismissing the action, the district court recited "[t]he Rices seek . . . (3) damages for trademark violation which they allege Judge Grubbs committed during the course of the litigation before her[.]" This is a correct characterization of what the Rices sought. Because Judge Grubbs's use of any trademarks during the trial was necessarily part of her official actions as a judge, this argument is meritless. As the district court went on to dismiss the entire action under the doctrine, it addressed these trademark allegations of the complaint. Fifth, the Rices argue the district court failed to consider 28 U.S.C. § 1343(a)(3) (giving federal courts jurisdiction over certain civil actions), which they argue overcomes the doctrine. Although the language of § 1343(a)(3) is broad, it is not an independent, exception-free grant of jurisdiction.

4

Rather, that section gives federal courts jurisdiction over certain civil actions but does not give jurisdiction to review a state court judgment. Sixth and finally, the Rices argue the district court ignored the mandate of O.C.G.A. § 9-11-60, which provides a void judgment may be attacked by any court, thereby requiring it to address the merits of their complaint. This section establishes a method for attacking Georgia state court judgments, but only *in* Georgia state courts. *See Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1558 (11th Cir. 1993). This is in accord with the *Rooker-Feldman* doctrine. Thus, the district court did not err in applying the *Rooker-Feldman* doctrine in this case.

Next, the Rices argue the district court erred in finding, in the alternative, that Judge Grubbs was absolutely immune from their suit. This issue need not be reached since the district court lacked subject-matter jurisdiction in this case.

Finally, the Rices argue the district court improperly assumed their complaint had to include "each and every detail of the charges against Judge Grubbs," which they argue was an incorrect assumption robbing them of due process and undermining the "very foundations of the country, law, [and] constitutional protections." The error in this argument is the district court's action turned not at all on facts, but on the law. As such, all but the very foundational facts were irrelevant to the court's analysis. It is for this reason few facts were

5

recited in the judgment. Thus, this final argument fails to create a basis for overturning the district court's order.

We conclude the district court committed no reversible error. For the above reasons, we affirm the district court's dismissal of the Rices' civil action based on the *Rooker-Feldman* doctrine.

AFFIRMED.