Patricia G. STALEY,
Plaintiff–Appellant,

v.

James G. LEDBETTER, Individually and in his official capacity as Commissioner of Dept. of Human Resources, et al., Defendants–Appellees.

No. 87–8025
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 17, 1988.

Patricia G. Staley, Waycross, Ga., for plaintiff-appellant.

William M. Droze, Atlanta, Ga., for defendants-appellees.

Before KRAVITCH, JOHNSON and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal contests the district court's dismissal of plaintiff's civil rights action. Patricia G. Staley filed this action pursuant to 42 U.S.C. sec. 1983, seeking to challenge

defendants' child custody determinations. She requested reinstatement of parental custody and psychiatric care at state expense for her children and herself. The district court dismissed Staley's complaint. Staley now appeals the dismissal and seeks "immediate habeas corpus relief." Today, we affirm the district court's judgment and deny Staley's request for relief.

Mrs. Staley and her husband, Edward Staley, adopted a girl and two boys through the DeKalb County Department of Family and Children Services ("DeKalb County DFACS"). Following an investigation in 1984, the DeKalb County DFACS placed the children in emergency foster care: Mr. Staley had sexually abused the children.[1] Numerous hearings were held regarding the disposition of the children; a juvenile court adjudicated the children "deprived"; a termination of parental rights hearing was held; the juvenile court confirmed the termination plan; the court of appeals affirmed the juvenile court's judgment; and, finally, the Georgia Supreme Court denied the Staleys' writ of certiorari. *In re A.T.*, 179 Ga.App. 879, 348 S.E.2d 110 (1985), *cert. denied*, (Sept. 2, 1986).

Mrs. Staley brought the present action pursuant to 42 U.S.C. sec. 1983, alleging violations of her civil rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Constitution; and for violations of the Child Welfare Act of 1980, Pub.L. 96–272, 94 Stat. 500.[2] The district court dismissed Staley's complaint. This appeal followed; Staley also filed a motion for "immediate habeas corpus relief."

We need not address the parties' substantive contentions, because no federal subject matter jurisdiction existed in this case. In effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental

---

1. Mr. Staley confessed that he had sexually abused the children. Evidence gathered at the state agency hearings and juvenile court adjudication indicated that Mrs. Staley did little to stop the ongoing abuse. *See In re A.T.*, 179 Ga.App. 879, 348 S.E.2d 110 (1986), *cert. denied*, (Sept. 2, 1986).

2. Mrs. Staley drafted her complaint and filed this action without the aid of an attorney. Our description of this cause of action constitutes a liberal interpretation of her complaint.

rights. The federal courts are not a forum for appealing state court decisions. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 1315–17, 75 L.Ed.2d 206 (1983). Because "federal review of state court decisions is entrusted solely to the Supreme Court, [the lower federal courts] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Wood v. Orange County,* 715 F.2d 1543, 1546 (11th Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984). This "bar" also "operates where the plaintiff fails to raise his federal claims in state court." *Id.*

The district court in this case lacked jurisdiction to hear a sec. 1983 claim that in essence sought to reverse a state court's child custody determination. *See Anderson v. State of Colorado,* 793 F.2d 262, 263–65 (10th Cir.1986).[3] Accordingly, the district court's dismissal of Staley's complaint is AFFIRMED.[4]

---

**3.** Likewise, Staley's request for habeas corpus relief must be denied, because "[28 U.S.C. sec. 2254] does not confer federal court jurisdiction" over challenges to state court child custody proceedings. *Lehman v. Lycoming Co. Children's Services,* 458 U.S. 502, 516, 102 S.Ct. 3231, 3240, 73 L.Ed.2d 928 (1982).

**4.** We decline to impose sanctions or award attorney's fees against Staley.