DONE.

---

**Evelyn HAYS, Petitioner,**

v.

**Steven Carl HAYS, Respondent.**

**No. 91–1823–CIV–T–10C.**

United States District Court,
M.D. Florida,
Tampa Division.

March 10, 1992.

Michael Stepakoff, Robert A. Warner, P.A., Tampa, Fla., for petitioner.

Caroline A. Kapusta, Sessums & Mason, P.A., Tampa, Fla., for respondent.

### ORDER

HODGES, District Judge.

THIS CAUSE comes on for consideration upon the Magistrate Judge's report and recommendation recommending that the petition for writ of habeas corpus be dismissed with prejudice. All parties previously have been furnished copies of the report and recommendation and have been afforded an opportunity to file objections pursuant to Section 636(b)(1), Title 28, United States Code.

---

Upon consideration of the report and recommendation of the Magistrate Judge, all objections thereto timely filed by the parties and upon this court's independent examination of the file, it is determined that the Magistrate Judge's report and recommendation should be adopted.

Accordingly, it is now

ORDERED:

(1) that the Magistrate Judge's report and recommendation is adopted and incorporated by reference in this order of the court;

(2) that Respondent's Motion To Dismiss Petitioner's Petition For Writ Of Habeas Corpus (Dkt. 4) is GRANTED;

(3) that the petition for writ of habeas corpus is hereby DISMISSED WITH PREJUDICE.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of a petition for writ of habeas corpus pursuant to Section 2254 of Title 28, United States Code.[1] Petitioner also asserts that the Court has jurisdiction of this action pursuant to the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Respondent has filed a motion to dismiss the petition. (Dkt. 4) Oral argument has been held. For the reasons stated hereafter, I recommend that the petition be dismissed.

### I

On May 14, 1987, the Circuit Court of Etowah County, State of Alabama awarded custody of the minor child A.H. to petitioner in conjunction with a final judgment of divorce and granted respondent certain visitation rights. Petitioner subsequently

moved to Florida with A.H., while respondent remained domiciled in Alabama.

In March 1988, respondent filed a petition to enforce his visitation rights with the Seventh Judicial Circuit in and for Volusia County, Florida, alleging that he had been denied visitation rights. The court granted the petition to enforce the Alabama custody provisions on April 11, 1988. Petitioner subsequently moved back to Alabama with A.H.

Petitioner states she moved back to Florida in May 1988 because respondent was allegedly sexually abusing A.H. Following investigation by the Florida Department of Health and Rehabilitative Services ("HRS"), respondent's visitation rights were temporarily terminated. However, in June 1989, respondent's visitation rights were reinstated by the Fifth Judicial Circuit in and for Marion County, Florida. ("Fifth Judicial Circuit")

On March 8, 1990, the Fifth Judicial Circuit modified the Alabama custody decree and awarded primary custody of A.H. to respondent and granted petitioner limited visitation rights. Respondent then took the child to Alabama.[2]

In February 1991, respondent filed a petition with the Fifth Judicial Circuit to terminate petitioner's visitation rights. This petition was granted on March 15, 1991.

Petitioner requests that the Court enforce the original custody decree relating to the minor child A.H., which was issued by the Circuit Court of Etowah County, Alabama and enjoin the Fifth Judicial Circuit from continuing to exercise jurisdiction on custody matters relating to A.H.

### II

Federal courts generally cannot review state court proceedings that terminate parental rights, since the federal courts are not a forum for appealing state court decisions. *Staley v. Ledbetter,* 837 F.2d 1016, 1017–1018 and n. 3 (11th Cir.1988) (district

---

1. This matter has been referred to the undersigned by the District Judge for a report and recommendation. *See* Local Rules 6.01(b) and 6.01(c), M.D.Fla.

2. The parties state that this order is currently being appealed to the Fifth District Court of Appeal, State of Florida.

court lacked jurisdiction to hear a claim under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 which essentially sought to reverse a state court's custody determination).

■ 28 U.S.C. § 2254 does not confer jurisdiction on federal courts to consider a collateral challenge of a state court judgment addressing parental rights or child custody. *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 508–516, 102 S.Ct. 3231, 3235–40, 73 L.Ed.2d 928 (1982). Therefore, this Court may not review petitioner's collateral challenge of a state custody determination pursuant to a writ of habeas corpus under Section 2254.

Petitioner also argues that the Parental Kidnapping Prevention Act of 1980 ("PKPA"), 28 U.S.C. § 1738A, confers jurisdiction upon the federal courts to resolve conflicts concerning the validity of conflicting state custody orders, citing *McDougald v. Jenson*, 786 F.2d 1465 (11th Cir.), *cert. denied*, 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986). *McDougald* does stand for that proposition. However, the United States Supreme Court subsequently held that PKPA does not provide an implied cause of action in federal court to determine the validity of conflicting state custody decrees. *Thompson v. Thompson*, 484 U.S. 174, 179–187, 108 S.Ct. 513, 516–20, 98 L.Ed.2d 512 (1988).

In *Thompson*, the Supreme Court noted that resolution of jurisdictional questions under PKPA would likely involve the federal courts in substantive domestic relations issues which have been traditionally matters of state concern. *Id.* at 186 n. 4, 108 S.Ct. at 520 n. 4. The Court stated that precluding a federal cause of action under PKPA would not render PKPA nugatory, since the Supreme Court could review true jurisdictional conflicts between the states. *Id.* at 187, 108 S.Ct. at 520.

In view of *Thompson*, the continued validity of *McDougald* is questionable. Therefore, this Court does not have jurisdiction to consider this case under PKPA either.

Petitioner also states that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. However, at the hearing, petitioner conceded that the only basis for which he alleges federal question jurisdiction is the PKPA. As previously discussed, no federal jurisdiction exists under the PKPA.

■ Finally, petitioner alleges that jurisdiction exists under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* However, "the operation of the Declaratory Judgment Act is procedural only." *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). While the Declaratory Judgment Act provides additional remedies, it does not enlarge the subject matter jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–672, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950). Therefore, in the absence of any basis for subject matter jurisdiction, the Declaratory Judgment Act cannot be utilized by petitioner to confer jurisdiction upon this Court.

### Conclusion

This Court lacks subject matter jurisdiction to review the state court judgments regarding custody of the minor child A.H. Accordingly, this petition must be dismissed.

It is, therefore, RECOMMENDED:

(1) that Respondent's Motion To Dismiss Petitioner's Petition For Writ Of Habeas Corpus (Dkt. 4) be GRANTED;

(2) that the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

Dated: February 20th, 1992.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).