972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leonard McKINNIS, Plaintiff-Appellant,
v.
Gary T. MORGAN, Guardianship Administrator of the Illinois
Department of Children and Family Services, Bremen Campbell
and Agnes Piszczek, in their official and individual
capacities, Defendants-Appellees.
 No. 91-1946.
 United States Court of Appeals, Seventh Circuit.
 Argued April 29, 1992.
Decided July 24, 1992.
 
 Before CUMMINGS and COFFEY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Leonard McKinnis filed a complaint in the district court seeking to regain the custody of his daughter Melissa. The defendants are three employees of the Illinois Department of Children and Family Services ("IDCFS"). The suit was filed under 42 U.S.C. § 1983 claiming a violation of the due process clause of the Fourteenth Amendment. Defendants' actions were said to have been taken under the Illinois Juvenile Court Act (Ch. 37 Ill.Rev.Stat. § 701-1 et seq.).
 
 
 2
 According to the complaint, defendant Piszczek filed a petition for the adjudication of wardship of Melissa Stewart whose natural father is the plaintiff. Melissa was then in plaintiff's custody. According to Piszczek's verified petition, Melissa was neglected, abused and dependent in violation of Ch. 37, § 704-4(1)(A), § 702-4(2)(b), § 702-4(2)(A)(iii) and § 702-5(1)(b) of the Juvenile Court Act. In that proceeding plaintiff was held in contempt of court and sentenced to 23 days in the Cook County, Illinois, jail on November 15, 1984. He was assertedly represented by eight different Assistant Public Defenders in those proceedings.
 
 
 3
 On August 20, 1986, the Illinois trial court entered its finding of neglect as recommended by defendant Campbell. On the following October 9, it terminated plaintiff's custodial rights and appointed Gary T. Morgan as Melissa's guardian. The judgment was affirmed by the Appellate Court of Illinois on January 18, 1989, and the Cook County Public Defender declined to file a petition for leave to appeal to the Illinois Supreme Court. Plaintiff did not raise any constitutional issues before the Illinois trial and appellate courts.
 
 
 4
 The complaint asserts that defendants deprived plaintiff of various due process rights and claimed that the Illinois Juvenile Court Act is void for vagueness. The complaint asked the district court to grant a writ of habeas corpus to bring Melissa within its jurisdiction and order the IDCFS to return Melissa to plaintiff's care and custody. Plaintiff also sought $1,000,000 compensatory damages and a trial by jury. Subsequently he filed a motion for preliminary injunction and defendants filed a motion to dismiss.
 
 
 5
 In April 1991, plaintiff's motion for preliminary injunction was denied and defendants' motion to dismiss was granted. The judgment is affirmed for the reasons given in the portion of Judge Nordberg's opinion quoted below, with which we agree:[1]
 
 
 6
 According to the Rooker-Feldman doctrine, lower federal courts have no jurisdiction to review the final determinations of state judicial proceedings. See, e.g., Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986 (see cases cited). Because "federal review of state court decisions is entrusted solely to the Supreme Court, [the lower federal courts] may not decide federal issues that are raised in state proceedings and are inextricably intertwined with the state court's judgment ... This 'bar' also operates where the plaintiff fails to raise his federal claims in state court." Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir.1988) (citations omitted). In Staley, Georgia's juvenile court had terminated the plaintiff's parental rights, a judgment later affirmed by the state's higher courts. Plaintiff brought suit in federal court under Section 1983, seeking a writ of habeas corpus and damages for the alleged violation of her constitutional rights. Affirming the district court's dismissal, the court held that "no federal subject matter jurisdiction existed in this case. In effect, [plaintiff] seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights ... The district court in this case lacked jurisdiction to hear a sec. 1983 claim that in essence sought to reverse a state court's child custody determination." Id.
 
 
 7
 That is precisely the nature of McKinnis' claim in this case. Unhappy with the Circuit Court's removal of Melissa from his custody, McKinnis now seeks to have the judgment reversed and to reclaim Melissa. That he also challenges certain portions of the Juvenile Court Act as being unconstitutional is of no consequence. First, McKinnis explicitly "requests that [the Illinois Juvenile Court Act] be judged on an as-applied basis," Response p. 4, and Rooker-Feldman prohibits federal review where "the district court would have to go beyond mere review of a state rule as promulgated, to an examination of the rule as applied by the state court to the particular factual circumstances of [the plaintiff's] case." McNair, at 892 (emphasis original). Second, Staley makes clear that Rooker-Feldman applies to federal claims not raised in state court. Staley, at 1018. This last principle echoes the rule of res judicata, which also bars McKinnis' claim (the two doctrines have been described as two sides of the same coin--see Worldwide at 892). Res judicata precludes the exercise of federal jurisdiction as to any matters raised, or which could have been raised, before the state court. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984) (state court judgment has same preclusive effect in § 1983 action that it would have in state court); Morris v. Union Oil Co., 96 Ill.App.3d 148, 421 N.E.2d 278 (1981) (Illinois res judicata rules bar litigation of issues that could have been raised in earlier proceeding). McKinnis offers no explanation why he failed to raise his constitutional challenges before the Circuit Court.
 
 
 
 [1]
 We need not consider the other reasons supporting dismissal advanced by the district judge