114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald DAVIS, Plaintiff-Appellant,
v.
ALLEN COUNTY OFFICE OF FAMILY AND CHILDREN[1],
et al., Defendants-Appellees.
 No. 96-1953.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.*
Decided May 6, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In December 1993 a state court in Indiana terminated Donald Davis' parental rights over his son. The Court of Appeals of Indiana affirmed the judgment and the Supreme Court of Indiana denied transfer. In April 1995 Mr. Davis filed a complaint in federal district court pursuant to 42 U.S.C. § 1983 alleging that the Allen County Department of Welfare (now known as the Office of Family and Children ("OFC")) discriminated against him by not offering him services because he was male and that the OFC worker on his case had falsified documents. The district court granted the defendant's motion for summary judgment stating that it had no subject matter jurisdiction under the Rooker-Feldman doctrine. We affirm.
 
 
 2
 The district court concluded that it did not have subject matter jurisdiction over this claim under the doctrines articulated in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman doctrine provides that "lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir.1996) (internal citation omitted). "In order to determine the applicability of the Rooker-Feldman doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." Id. If the injury alleged in the federal complaint is caused by the state court judgment, then the federal court has no jurisdiction under Rooker-Feldman. GASH Assoc. v. Village of Rosemont, 995 F.2d 726, 728-29 (7th Cir.1993).
 
 
 3
 Mr. Davis asserted that the evidence offered by the OFC case worker at the termination of the parental rights hearing was falsified and sought the dismissal of the OFC worker and the reinstatement of his parental rights over his son. Mr. Davis was seeking relief from the state court judgment that terminated his rights, and the district court properly concluded that pursuant to the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to review such claims.
 
 
 4
 Mr. Davis also asserted an undeveloped equal protection claim alleging that he was denied certain services because he was male. The Rooker-Feldman doctrine also provides that federal courts do not have subject matter jurisdiction over claims that are "inextricably intertwined" with the state court judgment. Feldman, 460 U.S. at 483-84 n. 16. Although the equal protection claim is distinct from the state court judgment, it is "inextricably intertwined" with the state court judgment and the district court also lacked jurisdiction over that claim. Garry, 82 F.3d at 1369 (7th Cir.1996); see also Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir.1988) (per curiam). Because the federal courts do not have jurisdiction over this case, it should have been dismissed for lack of subject matter jurisdiction.
 
 
 5
 MODIFIED AND AFFIRMED.
 
 
 
 [1]
 The Allen County Office of Family and Children is being substituted as the new name for the Allen County Department of Public Welfare
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)