Tawana COOPER–JOLLEY, Plaintiff,

v.

T.J. LYTTLE, Willa Woodard, Clare Powell, and Wayne Drummond of the Department of Family and Children Services, County of DeKalb, State of Georgia; Michael Thurmond, of the Department of Human Resources, Family and Children Services Division, State of Georgia; Judge Gregory A. Adams, Juvenile Court, County of De-Kalb, State of Georgia; Dorothy Murphy, Child Advocacy Attorney, Juvenile Court, County of DeKalb, State of Georgia; Michael Bowers, in his official capacity as Attorney State General for the State of Georgia, Defendants.

No. Civ.A. 1:96–CV–770–RWS.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 25, 1998.

Tawana Cooper–Jolley, Decatur, GA, pro se.

John C. Jones, Atlanta, GA, for Defendants.

### ORDER

STORY, District Judge.

Plaintiff Tawana Cooper–Jolley brought this civil rights action for damages and injunctive relief, alleging violations of her rights under the Equal Protection and Due Process Clauses of the United States Constitution. This case is before the Court on Defendants' Motions for Summary Judgment [15–1] and Plaintiff's Motion for Summary Judgment [16–1]. After reviewing the entire record and considering the arguments of the parties, this Court enters the following Order.

### I. FACTUAL BACKGROUND

In October of 1994, a deprivation petition was filed in the Juvenile Court of DeKalb County in the interest of two minor children, Tearene Weaver and Tanya Cooper. Plaintiff Cooper–Jolley is the natural and legal mother of the minor children. An adjudicatory hearing was conducted on November 14, 1994. Plaintiff was advised of her rights and waived her right to be represented by an attorney. Judge Gregory Adams of the De-Kalb County Juvenile Court found that the minor children were deprived, and on November 28, 1994, Judge Adams entered an order placing temporary custody of the minor children with the DeKalb County Department of Family and Children Services.

In December of 1994, Plaintiff made various failed attempts to appeal the juvenile court's order to the Georgia Court of Appeals. Subsequently, the Department of Family and Children Services submitted individual requests to the juvenile court to transfer physical custody of each child to Plaintiff. The requests were granted on May 18, and June 6, 1995. On August 18, 1995, the juvenile court entered an order placing full custody of the children with Plaintiff. Subsequently, Plaintiff filed petitions for certiorari in the Georgia Supreme Court and the Unit-

ed States Supreme Court. Both petitions were denied. On January 22, 1996, Plaintiff filed a complaint in the State Court of DeKalb County asserting claims against the Department of Family and Children Services and Kim Jenkins. Prior to filing the present action, Plaintiff filed a pleading in the State Court of DeKalb County which the court construed as a voluntary dismissal.

On April 1, 1996, Plaintiff, proceeding pro se, filed a complaint in the United States District Court alleging violations of her civil rights and a denial of her rights under the Due Process and Equal Protection Clauses of the United States Constitution. Plaintiff also contends that O.C.G.A. § 5–6–35(a)(2) denies Plaintiff due process of law and equal protection under the laws because it lacks standards and guidance necessary to prevent arbitrary and discriminatory enforcement and that O.C.G.A. § 15–2–8(A) denies Plaintiff due process of law because it is unconstitutionally vague and ambiguous. Plaintiff specifically alleged that Defendant T.J. Lyttle, a social worker, falsified court documents, placed harassing telephone calls to Plaintiff, and failed to give Plaintiff's letters to her minor children; that Defendant Willa Woodard, a social worker, testified falsely at the adjudicatory hearing; that Clare Powell, Wayne Drummond and Michael Thurmond ignored Plaintiff's complaints regarding Lyttle's and Woodards' misconduct; and that Judge Gregory Adams provided Plaintiff with false information and failed to provide her a fair hearing. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that the court shall grant summary if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of law." The applicable substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

When the non-movant has the burden of proof at trial, the movant may carry its burden at summary judgment by demonstrating the absence of an essential element of the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.E.2d 265 (1986). When the movant has the burden of proof at trial, the movant must carry its burden at summary judgment by presenting evidence affirmatively showing that on all elements of its case "no reasonable jury could find for the [non-movant]." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc).

### B. *Rooker–Feldman* Doctrine

Defendants argue under the *Rooker–Feldman* doctrine, this Court lacks subject matter jurisdiction to consider Plaintiff's constitutional claims. In contrast, Plaintiff argues the doctrine does not apply. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court held no court of the United States other than the United States Supreme Court may entertain a proceeding to reverse or modify a final judgment of a state court where such a review would be an exercise of appellate jurisdiction. Similarly, in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.E.2d 206 (1983), the Supreme Court held a United States District Court has no authority to review a final judgment of a state court where the constitutional claims presented are inextricably intertwined in the state court's denial of relief in a judicial proceeding.

Defendants argue under the *Rooker–Feldman* doctrine, the judgment of the juvenile court should not be disturbed. In contrast, Plaintiff argues the *Rooker–Feldman* doctrine does not apply because there is no state court judgment subject to review. The *Rooker–Feldman* doctrine is based on jurisdictional limitations provided under 28 U.S.C. § 1331 and 28 U.S.C. § 1257. Under 28

U.S.C. § 1331, the federal district courts have original jurisdiction over all civil actions arising under federal law. Under 28 U.S.C. § 1257, only the Supreme Court of the United States may review final judgments rendered by the highest court of a State. Plaintiff's claims are based on alleged violations of federal law. Plaintiff contends that Defendants violated her rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and that two Georgia statutes are unconstitutional. Although Plaintiff concedes that the issues raised in the Complaint at bar were also raised in the juvenile court proceedings, Plaintiff argues there is no state court judgment subject to review. However, the Order of the DeKalb County Juvenile Court is a state court judgment. The juvenile court's judgment is final as evidenced by the denial of Plaintiff's applications for review filed in Georgia Court of Appeals and the Georgia Supreme Court. Reviewing Plaintiff's claims in the case at bar would necessarily result in reexamining the decision of the juvenile court. Therefore, this Court should not consider Plaintiff's claims.

The case at bar is similar to *Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir.1988). In *Staley,* a former adoptive parent brought a civil rights action against the Georgia Commissioner of Human Resources alleging equal protection and due process violations in connection with termination of his parental rights. The United States Court of Appeals held under the *Rooker–Feldman* doctrine, the district court lacked federal subject matter jurisdiction to hear the civil rights claim because the claimant sought to reverse the state court's child custody determination. See also *Liedel v. Juvenile Court of Madison County, Alabama,* 891 F.2d 1542 (11th Cir. 1990) (where parents sought damages and relief from juvenile court's judgment, court dismissed complaint for lack of subject matter jurisdiction). Similarly, this Court lacks subject matter jurisdiction to consider Plaintiff's claims.

### III. CONCLUSION

Defendants' Motion for Summary Judgment [15–1] is **GRANTED,** and Plaintiff's

Motion for Summary Judgment [16–1] is **DENIED.**