[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15142
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00401-CV-LSC

ANGELA TURNER DREES,

Plaintiff-Appellant,

versus

RALPH A. FERGUSON, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 21, 2010)

Before EDMONDSON, BLACK, and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Angela Turner Drees, a licensed lawyer proceeding <u>pro</u>

se, appeals the dismissal of her civil rights complaint, 42 U.S.C. § 1983. The district court dismissed the complaint for lack of subject-matter jurisdiction and for failure to state a claim, Fed.R.Civ.P. 12(b)(6).[1] No reversible error has been shown; we affirm.

In her complaint, Plaintiff alleged that Defendant -- an Alabama circuit court judge in the domestic relations division -- violated her constitutional rights based on his rulings in a proceeding between Plaintiff and her ex-husband about the modification of their child custody agreement. Plaintiff sought equitable relief in addition to attorney's fees and costs. The district court concluded that it lacked subject-matter jurisdiction over Plaintiff's claim for equitable relief under the Rooker-Feldman doctrine.[2] And to the extent Plaintiff sought money damages, the court concluded that judicial immunity barred Plaintiff's suit and granted Defendant's Rule 12(b)(6) motion to dismiss.

On appeal, Plaintiff largely repeats the allegations she made in her complaint about Defendant's allegedly illegal and unconstitutional acts in the custody proceedings. She argues that neither the Rooker-Feldman doctrine nor judicial

---

[1]We review de novo a district court's conclusion that it lacked subject-matter jurisdiction. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). And we review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim. Clark v. Riley, 595 F.3d 1258, 1264 (11th Cir. 2010).

[2]D.C. Court of Appeals v. Feldman, 103 S.Ct. 1303 (1983); Rooker v. Fid. Trust Co., 44 S.Ct. 149 (1923).

2

immunity precluded consideration of her claims because the state judgment was based on the corruption of the judicial process and violated her civil rights. She asks that Defendant's orders in the case be deemed void as a matter of law.[3]

The Rooker-Feldman doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts. Casale, 558 F.3d at 1260. Rooker-Feldman bars lower federal court jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1261 (citation omitted).

We conclude, as did the district court, that the Rooker-Feldman criteria are satisfied. Defendant ruled against Plaintiff in the custody proceeding; thus, Plaintiff was the losing party in state court. The state proceeding had ended: Plaintiff noted in her complaint that the state court issued its order modifying the custody agreement almost two years before she filed her section 1983 complaint. And in her section 1983 complaint, Plaintiff alleged injuries -- including her loss of custody, contempt sentence, and financial hardship -- caused by Defendant's state

---

[3]We note that, when a licensed lawyer appears pro se, we do not provide her pleadings with the liberal construction customarily reserved for other pro se litigants. Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

court rulings. Finally, Plaintiff sought to have the federal court "review and reject" the state court proceedings because she wished to have Defendant's rulings declared void as a matter of law. See id. (observing that, when a party believes that the state court erred, the proper remedy is direct appeal, and not an attack in federal court); see also Staley v. Ledbetter, 837 F.2d 1016, 1017-18 (11th Cir. 1988) (concluding that we lacked subject-matter jurisdiction under the Rooker-Feldman doctrine to consider a party's section 1983 claim that "in essence sought to reverse a state court's child custody determination").[4]

To the extent Plaintiff sought money damages, the district court concluded correctly that she stated no claim for relief because Defendant was entitled to absolute judicial immunity. See Sibley, 437 F.3d at 1070-71 & n.3 (the Rooker-Feldman doctrine does not apply when a party seeks money damages for the state court's alleged constitutional deprivations). Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all

---

[4]We also agree with the district court's alternative analysis for concluding that, even if it had subject-matter jurisdiction over Plaintiff's claims for equitable relief, Plaintiff did not satisfy the requirements of section 1983 for suing a judge for equitable relief. See Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005) (to receive declaratory or injunctive relief, "plaintiffs must establish . . . the absence of an adequate remedy at law"). Because Plaintiff could have appealed the orders at issue to a higher state court, she had an adequate remedy at law and was unentitled to equitable relief under section 1983. See Ala. Code § 12-3-10 (providing a right to appeal domestic relations cases to the Alabama Court of Civil Appeals).

jurisdiction. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). A judge does not act in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction. Dykes v. Hosemann, 776 F.2d 942, 947-48 (11th Cir. 1985).

Here, the acts about which Plaintiff complained were related directly to the adjudication of her custody case. See Sibley, 437 F.3d at 1070 (explaining that acts constituting normal judicial functions, events occurring in the judge's chambers or in open court, and acts about cases pending before the judge are taken in a judicial capacity). Even if Defendant's acts -- including allegedly basing his decision on false evidence and suborning perjury -- were erroneous or malicious, as Plaintiff contends, it does not change that the acts were undertaken in a judicial capacity. And Plaintiff fails to show that Defendant acted in the clear absence of subject-matter jurisdiction; in fact, in her complaint, Plaintiff conceded that Defendant was a circuit court judge with jurisdiction to hear custody cases.[5]

We reject Plaintiff's argument that she was entitled to an evidentiary hearing in the district court on judicial immunity. Plaintiff's case was before the court on a motion to dismiss. And a motion to dismiss for failure to state a claim "always

---

[5]Plaintiff's claim that Defendant was criminally liable under 18 U.S.C. § 242 and, thus, not shielded by immunity, is meritless. Section 242 provides no basis for damages under section 1983. See Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960).

presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). Because an evidentiary hearing would have served no purpose, the district court abused no discretion in denying Plaintiff's request for one.

AFFIRMED.