**Moreton ROLLESTON, Jr.,**
**Plaintiff–Appellant,**
**Cross–Appellee,**

v.

**Judge Frank M. ELDRIDGE,**
**Defendant–Appellee,**
**Cross–Appellant.**

No. 87–8553
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

**164**

Moreton Rolleston, Jr., Atlanta, Ga., pro se.

Kathryn Allen, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee, cross-appellant.

Before HATCHETT, ANDERSON and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

In this case, plaintiff-appellant Moreton Rolleston appeals the district court's dismissal of his 42 U.S.C. section 1983 action; defendant-appellee Judge Frank Eldridge, a Georgia Superior Court Judge, cross-appeals the district court's denial of Rule 11 sanctions against plaintiff Rolleston. Because we conclude that the district court correctly dismissed the section 1983 action on the grounds of judicial immunity and acted within its discretion in refusing to impose sanctions against plaintiff, we affirm.

Plaintiff Rolleston is an attorney who appeared before defendant Judge Eldridge in Fulton County Superior Court. Rolleston represented a client, Mrs. Cherry, and himself *pro se* as defendants in a civil case ("the Cherry case"). Rolleston contends that Judge Eldridge ignored procedural rules of the State of Georgia in the Cherry case by dismissing counterclaims without a hearing and by disqualifying Rolleston to act as attorney in that case for Mrs. Cherry as well as for himself *pro se.* Rolleston appealed these rulings to the Supreme Court of Georgia. At the same time, he also filed a section 1983 action for damages and declaratory relief against Judge Eldridge in federal district court, alleging that Judge Eldridge—by his rulings in the Cherry case—violated Rolleston's constitutional rights to due process and equal protection.

Judge Eldridge moved to dismiss the federal suit on grounds of judicial immunity and lack of jurisdiction. The district court granted this motion to dismiss but denied Judge Eldridge's motion for sanctions. Plaintiff-appellant Rolleston now challenges the dismissal; defendant-appellee Judge Eldridge, the denial of sanctions.

"Judicial immunity is an absolute immunity...." *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir.1986). To determine whether judicial immunity can properly apply, we examine first, whether Judge Eldridge dealt with the plaintiff in a judicial capacity and second, whether the judge acted in the "clear absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Harris*, 780 F.2d at 914.

■ In this case it is undisputed that Judge Eldridge's pertinent conduct was a normal judicial function in a case pending before the judge, occurred in the judge's courtroom, and arose from dealings with the judge in his official capacity. Judge Eldridge's actions in the Cherry case were thus judicial acts that meet the first part of the test for determining the applicability of judicial immunity. *See Harris*, 780 F.2d at 914.

We next examine whether the acts complained of were committed in the clear absence of all jurisdiction. Plaintiff Rolleston contends first, that Judge Eldridge had no jurisdiction to issue the order of December 2, 1986 (disqualifying Rolleston from acting as Mrs. Cherry's attorney) because the judge had not complied with state procedures requiring a hearing. This contention is clearly without merit. Even assuming that Judge Eldridge had not fol-

lowed procedural rules,[1] his action would still be within his jurisdiction. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359, 98 S.Ct. at 1106.

Rolleston also claims that Judge Eldridge acted without jurisdiction in issuing the order of December 16, 1986 (an order clarifying the December 2 order and disqualifying Rolleston from acting *pro se* ), because Rolleston had already filed a notice of interlocutory appeal: Judge Eldridge thus would have had no jurisdiction to enter further orders in the case on those matters to be appealed. The district court determined that, because Rolleston had acted improperly in failing first to obtain certification for interlocutory appeal, Rolleston's notice of appeal did not divest Judge Eldridge of jurisdiction. The district court also concluded that even if jurisdiction for the December 16, 1986 order was questionable, Judge Eldridge did not act in the clear absence of all jurisdiction. We agree. The applicability of judicial immunity does not "depend on the determination of 'nice questions of jurisdiction'." *Williams v. Sepe*, 487 F.2d 913, 914 (5th Cir.1973) (a judge's failure to comply with procedure for prosecuting an indirect contempt of court did not result in the clear absence of all jurisdiction such as to divest judge of absolute judicial immunity).[2]

A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court. Federal courts "may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Wood v.*

*Orange County*, 715 F.2d 1543, 1546 (11th Cir.1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984). United States district courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1983). While the district court's dismissal of Rolleston's suit—and our affirmance of that dismissal—deprives Rolleston of relief from the federal courts, we note that Rolleston had the possibility of relief through appeal of Judge Eldridge's rulings to the Georgia state appellate courts and that Rolleston in fact availed himself of this remedy. Appeal in the state courts is the proper channel through which Rolleston was entitled to seek relief. Thus, inasmuch as Rolleston sought in federal district court a declaratory judgment that Judge Eldridge's orders violated the federal constitution, dismissal was appropriate.[3]

We next consider the district court's denial of sanctions against plaintiff Rolleston. Cross-appellant Eldridge argues that Rolleston, an attorney for over forty years, should have known that his complaint was without merit; Judge Eldridge thus contends that the district court abused its discretion in denying sanctions without holding a hearing.

The imposition of sanctions under Fed.R. Civ.P. 11 lies within the district court's sound exercise of discretion. *See Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir.1987) (*en banc* ). Whatever our own views on the sanctions and however we might have acted on the motion, we cannot

---

1. We note that, subsequent to the district court's entry of judgment in the present case, the Supreme Court of Georgia on appeal of the Cherry case held that Rolleston had not made an unconditional request for oral argument as required by Rule 6.3 of the Uniform Superior Court Rules. Thus there was no procedural error in Judge Eldridge's issuance of the December 2, 1986 order. *See Cherry v. Coast House, Ltd.*, 257 Ga. 403, 359 S.E.2d 904, 906 (1987).

2. The district court issued its decision before the Supreme Court of Georgia decided the appeal of the Cherry case. The district court's determination that Judge Eldridge had jurisdiction to issue the December 16 order was subsequently confirmed by the Georgia Supreme Court. *See Cherry v. Coast House, Ltd.*, 359 S.E.2d at 906.

3. Rolleston raised several other issues in his appeal. We find them all without merit, but will not discuss them.

say that the district court abused its discretion in refusing to impose sanctions.

For the above reasons, the district court opinion is AFFIRMED.