United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31050
Summary Calendar

JAMES A. WORKMAN,

Plaintiff-Appellant,

versus

PASCAL F. CALOGERO, JR., in his personal capacity; JEFFREY P.
VICTORY, in his personal capacity; JEANNETTE THERIOT KNOLL, in
her personal capacity; CHET D. TRAYLOR, in his personal capacity;
CATHERINE D. KIMBALL, in her personal capacity; BERNETTE J.
JOHNSON, in her personal capacity; JOHN L. WEIMER, in his
personal capacity; CHARLES B. PLATTSMIER, in his personal
capacity; JOSEPH L. SHEA, JR., in his personal capacity; DONALD
R. BROWN, in his personal capacity; E.J. CHAMPAGNE, in his
personal capacity; LONNIE GRECO, in his personal capacity;
ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, erroneously
identified in the complaint as "the Tulane University of
Louisiana,"

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CV-922-B
--------------------

Before HIGGINBOTHAM, BENAVIDES and OWEN, Circuit Judges.

PER CURIAM:[*]

James A. Workman has appealed the dismissal of his civil

RICO and civil rights claims against "the Tulane University of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana"[1] and various individuals, including: member justices of the Louisiana Supreme Court; members of the Louisiana Attorney Disciplinary Board; Disciplinary Counsel Charles Plattsmier; Tulane Law School professors and administrators Edward F. Sherman, Lawrence Ponoroff, and Wendy Brown-Scott; K. Dupaquier, the Director of Public Safety at Tulane University; and two John Does.

The standards in ruling upon motions to dismiss for failure to state a claim, under FED. R. CIV. P. 12(b)(6), and for judgment on the pleadings, under FED. R. CIV. P. 12(c), are the same. Bennett-Nelson v. Louisiana Bd. of Regents, 431 F.3d 448, 450 n.2 (5th Cir. 2005). The complaint may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Id. Although the plaintiff's allegations are taken as true and are considered in the light most favorable to the plaintiff, conclusional allegations and legal conclusions masquerading as facts will not prevent dismissal or judgment on the pleadings. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). This court's standard of review is de novo. Bennett-Nelson, 431 F.3d at 450 n.2.

---

[1] The correct name of this entity is "Administrators of the Tulane Educational Fund" [hereinafter "Tulane University"].

Workman argues on appeal that the actions of the Disciplinary Board Members were purely ministerial and not judicial in nature.  He argues also that the Disciplinary Board Members, as members of the administrative committee, exceeded their authority in ruling on his petition for review.  The actions of the Disciplinary Board Members were judicial in nature because the decision whether to disqualify counsel is a judicial function.  See Rolleston v. Eldridge, 848 F.2d 163, 164 (11th Cir. 1988); see also Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).  Because the administrative committee is not precluded from deciding requests for disqualification of disciplinary counsel and because that decision does not fall within the scope of the appellate review function, Workman cannot show that the Disciplinary Board Members exceeded the scope of their jurisdiction.  See LA. SUP. CT. RULE XIX, § 2(G)(1)(b).

Workman contends that defendant disciplinary counsel Plattsmier was not entitled to absolute prosecutorial immunity because he was not functioning as a prosecutor when he conducted pre-investigation screening of Workman's complaint.  The screening procedures clearly fell within the prosecutorial duties and functions of the disciplinary counsel.  See SUP. CT. RULE XIX, § 4(B)(1), (2), & (3).  This court has held that decisions by a prosecutor to file or not file charges are acts protected by absolute immunity.  Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).

3

Workman contends that the district court erred in granting Tulane University's motion for judgment on the pleadings. Workman argues, without elaboration, that the district court erred in stating that his allegations of criminal conduct on the part of Tulane law professors Sherman and Ponoroff were conclusional. Workman's conclusional argument does not demonstrate that the district court erred. Workman contends also that the district court erred in determining that Tulane University could not be held vicariously liable for its own participation in the alleged conspiracy. Workman's argument is conclusional and internally inconsistent. Either liability is vicarious or it is not.

Workman has not shown that the district court abused its discretion in refusing to permit him to amend his complaint. <u>See</u> <u>Duff-Smith v. Collins</u>, 973 F.2d 1175, 1180 (5th Cir. 1992).

AFFIRMED.