[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12750
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-03358-RLV


VADIS J. FRONE, SR.,

                                                    Plaintiff-Appellant,

versus

CITY OF RIVERDALE,
JUDGE RONALD FREEMAN,
Riverdale Court Judge,
NATHANIAL MINGO,
Riverdale Court Service Manager,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Vadis J. Frone, proceeding *pro se*,[1] appeals the district court's dismissal of his civil rights complaint brought under 42 U.S.C. § 1983 against the City of Riverdale (City), Riverdale Municipal Court Judge Ronald Freeman, and Riverdale Court Services Manager Nathaniel Mingo.  Frone's complaint asserts due process and equal protection violations based on his allegation that Defendants unlawfully deprived him of his right to appeal a speeding conviction and forced him to pay his fine while his appeal was or should have been pending.[2]  Frone raises multiple issues on appeal, which we address in turn.

Issue One

Frone first argues the district court erred in granting the Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim.  We review *de novo* a grant of a motion to dismiss under Rule 12(b)(6), "accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  To survive dismissal, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Stating a claim upon which

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] It is unclear whether Frone is actually asserting a claim for relief as to Mingo, as Frone stated he is not seeking damages against Mingo.

2

relief may be granted "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

The district court did not err in dismissing Frone's complaint for failure to state a claim. Frone failed to state a § 1983 claim against the City because he has not alleged any facts that would implicate a city custom or policy responsible for his injury. *See Monell v. Dep't of Soc. Servs.*, 98 S. Ct. 2018, 2037-38 (1978) (stating "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," but is instead only responsible when the "execution of a government's policy or custom . . . inflicts the injury" ). Frone also failed to state a claim against Judge Freeman, who is entitled to absolute judicial immunity. Frone's argument that his notice of appeal stripped Judge Freeman of jurisdiction, and thus his judicial immunity, is unavailing because "[t]he applicability of judicial immunity does not depend on the determination of nice questions of jurisdiction." *See Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988) (quotation omitted) (rejecting the argument that judicial immunity did not apply because the judge issued the order after plaintiff filed a notice of appeal).

Moreover, the facts set forth in Frone's complaint fail to demonstrate a violation of the Due Process or Equal Protection Clauses. The conduct Frone's complaint ascribes to Judge Freeman and Mingo amounts to, at most, a negligent

3

failure to follow state law governing Frone's trial and appeal, and does not constitute a "deprivation" under the Due Process Clause.  *See Daniels v. Williams*, 106 S. Ct. 662, 664-66 (1986) (stating that mere negligent conduct by a state official, even though causing injury, does not constitute a "deprivation" under the Due Process Clause).  Likewise, Frone has failed to establish an equal protection claim because he has not alleged any facts showing similarly situated individuals were treated more favorably.  *Draper v. Reynolds*, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004).

Issue Two

Frone next argues the district court should have allowed him to amend his complaint.  The district court denied Frone leave to amend his complaint because it would be futile.  We review the denial of a motion to amend a complaint for abuse of discretion and review *de novo* whether the requested amendment would be futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Although "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint," the district court need not allow an amendment "where amendment would be futile."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  Amending a complaint would be futile if the complaint, as amended, would still be subject to dismissal.  *Cockrell*, 510 F.3d at 1310.

4

We conclude the district court properly denied Frone leave to amend his complaint.  Neither in the district court nor on appeal has Frone stated how he would amend his complaint.  He has not identified any new facts, nor has he cited to anything different from his original complaint that he would include if granted leave to amend.  Instead, he reiterates the same facts alleged in his original complaint.  As such, the district court correctly determined that granting leave to amend would have been futile.

Issue Three

Finally, Frone contends the magistrate judge erred in denying his motion for costs of service.  We generally review costs awards for abuse of discretion. *Cochran v. E.I. duPont de Nemours*, 933 F.2d 1533, 1540 (11th Cir. 1991).

Pursuant to Federal Rule of Civil Procedure 4(d)(1), a plaintiff may request that a defendant waive service of summons.  The notice and request must, among other requirements, "be accompanied by . . . two copies of a waiver form."  Fed. R. Civ. P. 4(d)(1).  The court may impose the costs of service on the defendant if the defendant fails to sign and return the waiver form without showing good cause for the failure.  Fed. R. Civ. P. 4(d)(2).

The magistrate judge did not abuse his discretion in denying Frone's motion for costs of service.  The waiver of service provisions do not apply to the City. Fed. R. Civ. P. 4(d)(1), (j).  As to Judge Freeman and Mingo, Frone admitted he

did not send them an actual waiver form, but rather a document that contained language from Rule 4(d), and argued they could have printed a copy of the actual waiver form, filled it out, and returned it. Thus, Frone admitted he did not comply with Rule 4(d), which requires that the plaintiff send the Defendants a "waiver form." *Compare* Fed. R. Civ. P. 4(d)(1)(C) (requiring plaintiff to send defendants "two copies of a waiver form") *with* Fed. R. Civ. P. 4(d)(1)(D) (requiring plaintiff to inform defendant of consequences for failure to waive "using text prescribed in Form 5"). Accordingly, we conclude the magistrate judge did not abuse his discretion in denying Frone's motion for costs of service.

**AFFIRMED.**