IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

GERARD DAVID McCREE, JR., ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO. 2:19-cv-722-ALB 
 ) [WO] 
GREG GRIFFIN, ) 
 ) 
 Defendant. ) 
 ) 
 ORDER 
 In this 42 U.S.C. § 1983 action, Plaintiff Gerard David McCree is a state inmate 
currently incarcerated pursuant to a sentence of life without parole imposed upon 
him by the Circuit Court of Montgomery County, Alabama in 2003 for convictions 
on three counts of capital murder. He previously filed a habeas action challenging 
these convictions which was denied by this court. McCree v. Jones, 2:06-cv-520-
WHA-SRW, motion for certificate of appealability denied by the Eleventh Circuit 
on June 1, 2009. In the instant § 1983 action, “McCree challenges the 
constitutionality of orders entered by Greg Griffin, a judge for the Montgomery 
County Circuit Court, in a recent Rule 32 action over which Judge Griffin 
presided. (Doc. 1 at 3–4). Plaintiff seeks a declaratory judgment finding the actions 
of Judge Griffin violated his constitutional rights and an order compelling Judge 
Griffin to produce to Plaintiff physical evidence obtained in his case from the site 
where the victim’s body was found after being shot by Plaintiff at a separate location 
for DNA testing and analysis. (Doc. 1 at 29). Plaintiff challenged the orders issued 

by Judge Griffin in the state appellate courts by writ of mandamus which both the 
Alabama Court of Criminal Appeals and Alabama Supreme Court denied. (Doc. 1-
1 & Doc. 1-2). 

 Under well-settled law, the magistrate recommended that Plaintiff’s claims 
against Judge Griffin be summarily dismissed because he is entitled to absolute 
immunity for the actions undertaken within his judicial capacity in a state civil 
proceeding over which he had jurisdiction. Specifically, 

 The claims presented against Judge Griffin provide no basis for 
relief before this court as “judicial immunity is an immunity from suit, 
not just from ultimate assessment of damages.” Mireles v. Waco, 502 
U.S. 9, 11 (1991) (internal citation omitted). “Judges are entitled to 
absolute immunity from suits for acts performed while they are acting 
in their judicial capacity unless they acted in complete absence of all 
jurisdiction.” Allen v. Fla., F. App’x 841, 843 (11th Cir. 2012). “A 
judge will not be deprived of immunity because the action he took was 
in error, was done maliciously, or was in excess of his authority; rather, 
he will be subject to liability only when he has acted in the clear absence 
of all jurisdiction.” Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) 
(internal quotation marks and citation omitted); Mireles, 502 U.S. at 11 
(holding that “[j]udicial immunity is not overcome by allegations of bad 
faith or malice[.]”); Allen, 458 F. App’x at 843 (same). “[T]he relevant 
inquiry is the nature and function of the act, not the act itself.” Mireles, 
502 U.S. at 12 (internal quotation marks and citation omitted). “This 
immunity applies to proceedings under 42 U.S.C. § 1983.” Wahl v. 
McIver, 773 F.2d 1169, 1172 (5th Cir. 1981). 

Doc. 4 at 2–3. 
 Plaintiff filed an objection to the Recommendation, in which he argues that this 
court improperly dismissed this case against Judge Griffin because Judge Griffin’s 

actions in denying his request for access to evidence, i.e., a hat found at the dump 
site of the victim’s body which had not been subjected to DNA testing, denied him 
access to evidence which might after testing support a claim of actual innocence or 

prove exculpatory by showing some other person may have been present when the 
victim’s body was left in the woods. (Doc. 5). Plaintiff argues that Judge Griffin 
acted arbitrarily and deprived him of due process by denying him access to the 
evidence for DNA testing. However, Judge Griffin entered the orders in a state civil 

action over which he had jurisdiction and, as such, is therefore entitled to absolute 
immunity. 
 The Recommendation further found that 

insofar as McCree seeks declaratory or injunctive relief from various 
final orders issued by Judge Griffin in the Rule 32 proceeding, this court 
lacks jurisdiction to render such judgment in an action filed pursuant to 
42 U.S.C. § 1983. “The Rooker-Feldman doctrine prevents . . . lower 
federal courts from exercising jurisdiction over cases brought by ‘state-
court losers’ challenging ‘state-court judgments rendered before the 
district court proceedings commenced.’ Exxon Mobil Corp. v. Saudi 
Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 
454 (2005).” Lance v. Dennis, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 
(2006). Although “Rooker-Feldman is a narrow doctrine,” it remains 
applicable to bar McCree from proceeding before the court as this case, 
with respect to any claims challenging a final order issued by a state 
court, is “‘brought by [a] state-court loser[] complaining of injuries 
caused by state-court judgments rendered before the district court 
proceedings commenced and inviting district court review and rejection 
of those judgments.’ 544 U.S. at 284, 125 S.Ct. [at] 1517.” Lance, 546 
U.S. at 464, 125 S.Ct. at 1201. Moreover, a 42 U.S.C. § 1983 action is 
inappropriate either to compel or to appeal a particular course of action 
by a state court. Datz v. Kilgore, 51 F.3d 252, 254 (11th Cir. 1995) (A 
§ 1983 suit arising from alleged erroneous decisions of a state court is 
merely a prohibited appeal of the state court judgment); see also 
Rolleston v. Eldridge, 848 F.2d 163 (11th Cir. 1988). 

Doc. 4 at 3–4. 
 Based on the foregoing, Plaintiff’s objections provide no basis for relief from 
the Recommendation dismissing his claims against Judge Griffin. 
Accordingly, it is ORDERED as follows: 
1. The Magistrate Judge’s Recommendation (Doc. 4) is ADOPTED; 
2. Plaintiff’s objections (Doc. 5) are OVERRULED; 
3. Plaintiff’s Complaint is summarily dismissed prior to service of process 
under 28 U.S.C. § 1915(e)(2)(B). 
A final judgment will be entered separately. 
DONE and ORDERED this 5th day of November 2019. 

 /s/ Andrew L. Brasher 
 ANDREW L. BRASHER 
 UNITED STATES DISTRICT JUDGE